# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JIMMY WORLEY, individually and on behalf of all others similarly situated, | DOCKET NO. 4:19-cv-2872 |
| vs. | JURY TRIAL DEMANDED |
| WOOD GROUP USA, INC. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Jimmy Worley brings this lawsuit to recover unpaid overtime wages and other damages from Wood Group USA, Inc. under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Wood Group employs workers, like Worley, to carry out its work.

3. Worley, and the other workers like him, was typically scheduled for 12 hour shifts, 7 days a week, for weeks at a time.

4. But Wood Group does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Wood Group pays these workers a day-rate.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Wood Group

conducts substantial business in this District and Division and maintains its principle office in this District and Division.

## PARTIES

9. From approximately March 2018 until December 2018, Worley worked for Wood Group as an HSE Inspector. Throughout his employment with Wood Group, he was paid a day-rate with no overtime compensation. His consent to be a party plaintiff is attached as Exhibit A.

10. Worley brings this action on behalf of himself and other similarly situated workers who were paid by Wood Group's day-rate system.

11. Wood Group paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of Wood Group USA, Inc. during the past 3 years who were paid a day-rate with no overtime.** (the "Putative Class Members").

13. Worley seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

14. Defendant Wood Group USA, Inc. may be served through its registered agent: United Agent Group, Inc., 5444 Westheimer #1000, Houston, Texas 77056.

## COVERAGE UNDER THE FLSA

15. At all times hereinafter mentioned, Wood Group has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Wood Group has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Wood Group has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

18. Worley and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTS

19. Wood Group is professional staffing business providing personnel and support services for the oil and gas industry.

20. Upon information and belief, Wood Group's annual gross revenues are in the millions.

21. Wood Group employees routinely handle goods or materials – such as hard hats, tools, steel toe shoes, automobiles, and cell phones that have moved in, or were produced for, interstate commerce.

22. As a staffing company, Wood Group is well aware of the FLSA's overtime requirements.

23. Once Wood Group learns the type of workers its clients need, Wood Group locates the workers requested and assigns them to its clients' jobsites.

24. Worley was staffed by Wood Group to ExxonMobil.

25. These workers staffed out by Wood Group carry out the hands-on, day-to-day production work of Wood Group.

26. Workers like Worley are an integral part of the services Wood Group provides to its clients.

27. No advanced degree is required to become a Wood Group employee. In fact, Wood Group regularly hires employees who only have a high-school diploma (or less).

28. For example, Worley did not have any advanced degree.

29. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

30. Instead, Wood Group employees apply well-established techniques and procedures.

31. Employees are not permitted to deviate from established quality standards.

32. These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

33. With these job duties, these employees are clearly **non-exempt** under the FLSA.

34. Wood Group paid Worley and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

35. Worley worked for Defendant from approximately March 2018 until December 2018 as an HSE Inspector.

36. Worley was paid on a day-rate basis throughout his employment with Wood Group.

37. Worley and the Putative Class Members were not paid a salary.

38. Worley and the Putative Class Members were not guaranteed a predetermined amount above $455.00 per week.

39. Wood Group typically scheduled Worley to work 12 hour shifts, for as many as 7 days a week.

40. During each year of his employment, Worley regularly worked well in excess of 40 hours in a workweek.

41. But Wood Group did not pay Worley overtime.

42. Worley and the Class Members worked for Wood Group as employees over the past three years across the United States.

43. As a result of Wood Group's pay policies, Worley and the Class Members were denied the overtime pay required by federal law.

44. Wood Group keeps accurate records of the hours, or at least days, its employees work.

45. It also keeps accurate records of the amount of pay employees receive.

46. Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Wood Group does not pay them overtime.

47. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

48. The Putative Class Members regularly worked in excess of 40 hours each week.

49. Like Worley, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

50. Wood Group did not pay Worley on a salary basis.

51. Wood Group did not pay the Putative Class Members on a salary basis.

52. Wood Group paid the Worley on a day-rate basis.

53. Wood Group paid the Putative Class Members on a day-rate basis.

54. Wood Group failed to pay Worley overtime for hours worked in excess of 40 hours in a single workweek.

55. Wood Group failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

## FLSA VIOLATIONS

56. Worley incorporates the preceding paragraphs by reference.

57. As set forth herein, Wood Group violated the FLSA by failing to pay Worley and the Class Members overtime at 1 and ½ times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

58. At all relevant times, Wood Group has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

59. Wood Group employed Worley and each member of the Class.

60. Wood Group's pay policy denied Worley and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

61. Wood Group owes Worley and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

62. Wood Group knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Worley and the Class is willful.

63. Due to Wood Group's FLSA violations, Worley and the Class Members are entitled to recover from Wood Group for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

64. The improper pay practices at issue were part of a continuing course of conduct, entitling Worley and Class Members to recover for all such violations, regardless of the date they occurred.

### JURY DEMAND

65. Worley demands a trial by jury.

### RELIEF SOUGHT

66. WHEREFORE, Worley prays for judgment against Wood Group as follows:

    a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated

individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order appointing Worley and his counsel to represent the interests of the FLSA Class;

c.  For an Order finding Defendant liable to Worley and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.  For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Andrew W. Dunlap*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**