**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JIMMY WORLEY, individually and on behalf of all others similarly situated, <br><br> v. <br><br> WOOD GROUP USA, INC. | Case No. 4:19-cv-02872 <br><br> FLSA Collective Action |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Jimmy Worley and the Opt-in Plaintiffs/Known Claimants ("Opt-in Plaintiffs"), (collectively, Plaintiffs) and Wood Group USA, Inc. (Wood Group) (collectively, Parties) submit this joint motion for approval of the Parties' settlement of Plaintiffs' claims brought against Wood Group under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The Parties' Confidential Compromise Settlement Agreement and Release (Settlement Agreement) (which has been submitted under seal for *in camera* review) represents a fair and reasonable resolution of a *bona fide* dispute over the FLSA claims and meets the standards for judicial approval. The Court should approve the agreement in full.

The Parties' Settlement Agreement provides Plaintiffs with a reasonable recovery in light of the risks inherent in continued litigation and trial. Wood Group has defended the claims asserted in this lawsuit and continues to deny that it committed any wrongdoing or violated any state or federal wage and hour law. Given the costs, risks, and delays inherent to protracted litigation balanced against the benefits of this settlement, the Parties' Settlement Agreement is in both parties' best interest.

Accordingly, the Parties respectfully request the Court approve the Settlement Agreement (Ex. 1. Filed Under Seal) in full.

## 1. PROCEDURAL HISTORY

Worley filed this putative collective action on August 2, 2019, on behalf of himself and other similarly situated employees of Wood Group USA, Inc. who were not paid overtime for hours worked over forty in a work week and instead were paid a day rate in violation of the FLSA. ECF 1. Wood Group denied

Plaintiffs' allegations and raised several affirmative defenses, including assertions that (1) Plaintiffs were not similarly situated, (2) Plaintiffs were exempt from the FLSA's overtime requirements, (3) Plaintiffs were paid lawfully under the applicable law, and (4) Wood Group acted in good faith. ECF 9.

In this case, Worley served a set of extensive discovery on Wood Group. Ultimately, the Parties exchanged hundreds of relevant documents that made them intimately knowledgeable of the claims and defenses in this case.

In May 2020, Plaintiffs moved for conditional certification and notice to be sent to the putative class. ECF. 28. The Court denied Plaintiff's motion for conditional certification on January 1, 2021. After spending months gathering relevant data regarding Plaintiffs' claims and attending a full-day mediation the Parties reached a settlement at the mediation. On April 5, 2022, the Parties executed a formal Settlement Agreement (Ex. 1) that the Parties now request the Court approve.

## 2. SUMMARY OF THE SETTLEMENT AGREEMENT'S KEY TERMS.

### A. The Gross Settlement Fund.

As set forth in the Settlement Agreement (Exhibit 1, Filed Under Seal), the Parties have reached a settlement that provides each Plaintiff with a reasonable recovery of their unpaid overtime claims. The settlement amount includes the settlement payments to Worley and the Opt-in Plaintiff, Steven Oller ("Oller"), Class Counsel's attorneys' fees, and Class Counsel's out-of-pocket litigation expenses.

Under the Settlement Agreement, Class Counsel shall receive their attorneys' fees of a percentage of the Gross Settlement Amount that is routinely approved by courts. Likewise, Class Counsel shall receive reimbursement for the reasonable costs expended during this litigation. All attorneys' fees and litigation expenses are included in the Gross Settlement Amount, and Wood Group shall not make any payment beyond the Gross Settlement Amount.

### B. Class Counsel's Negotiated Fee Award.

The attorneys' fee award accounts for 40% of the Gross Settlement Amount. Exhibit 1; *see also* Ex. 2, Dunlap Decl., at ¶ 20. Class Counsel's attorneys' fees and costs will each be distributed in a single check that will be reported on an IRS Form 1099.

### C. Release of Claims Against Wood Group.

By cashing their settlement payment Worley and Oller will release Wood Group from their claims. The Settlement Agreement is intended to constitute a complete discharge of any and all liability of Wood Group to Plaintiffs.

## 3. THE COURT SHOULD APPROVE THE PARTES' SETTLEMENT.

### A. The Legal Standard for Approval of FLSA Settlements.

The Parties now seek the Court's approval of their Settlement. The Settlement represents a fair and reasonable compromise of a *bona fide* dispute concerning the legality of Wood Group's compensation practices with respect to Plaintiffs during the relevant time period.

Under the FLSA, covered employers must pay non-exempt employees overtime for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207. An employer who violates the Act is liable for the unpaid overtime and may be liable for "an additional equal amount as liquidated damages" if the employer cannot "show to the satisfaction of the court that the act or omission giving rise to such action was in good faith." 29 U.S.C. §§ 216(b), 260. "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* The statute of limitations for claims under the FLSA is two years, or three years if the employer's violation was willful. 29 U.S.C. § 255(a).

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee… affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §

216(b).  *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir. 1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it."  *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions.  *See Lynn's Food Stores*, 679 F.2d at 1355.

### B.  The Court Should Approve the Parties' Settlement.

#### i.      The Settlement Resolves a *Bona Fide* Dispute.

The Court can approve a settlement where there is a "bona fide dispute" amongst the parties. *See, e.g., Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 163 (5th Cir. 2015). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011). "An actual dispute over the amount of overtime compensation due to an employee [can be] sufficient to create a bona fide dispute for purposes of this factor." *Shaw v. CAS, Inc.*, No. 5:17-CV-142, 2018 WL 3621050, at *1 (S.D. Tex. Jan. 31, 2018). In addition, a dispute as to whether employees were "misclassified as exempt" from the FLSA's protections can create a *bona fide* dispute. *Id.* at *2.

There is no question a *bona fide* dispute in this matter exists between the Parties. Here, the Parties contested the claims and defenses asserted in the Lawsuit. Plaintiffs alleged Wood Group failed to all Wood Group Employees overtime, instead paying them a day rate. Wood Group argued that the Worley and Oller were paid properly.

Further, Worley and Oller argued that they were similarly situated in the terms of relevant job duties and compensation practices, regardless of the job position, length of time, or location worked for Wood

Group, while Wood Group maintained that the Plaintiffs were not similarly situated and that their claims should be tried independently of one another.

The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate that Wood Group acted willfully, which in turn affects whether they could recover compensation for two (2) years or three (3) years. *See* 29 U.S.C. § 255. Plaintiffs also contend that Wood Group would not be able to meet their burden to prove that Wood Group acted in good faith in classifying and compensating Plaintiffs, which would implicate the amount, if any, of liquidated damages. *See* 29 U.S.C. § 260. Wood Group maintained that it acted in good faith, and not willfully, so that damages (if any) should not include liquidated damages and could only be recovered for a two-year period.

The Parties have fully analyzed the pertinent factual and legal issues in this case, as well as having assessed the strengths and weaknesses of the claims and defenses at issue. The Settlement was reached with the aid of a private mediator after arm's length negotiations.

The Parties worked to resolve various complex, disputed issues, such as issues regarding conditional certification and damage calculations. If this case was not contemporaneously settled, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes including possible subpoenas to a substantial number of third-parties, questions regarding applicability of the FLSA, good faith, willfulness, decertification, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and recognized that their settlement represented a compromise of the range and uncertainty of their damages.

Finally, both Worley, Oller, and their Counsel believe that this settlement is in the best interest of both Worley and Oller. The Parties disputed multiple elements of the claim and without this settlement would continue to participate in extensive motion practice and complex discovery. This process would have been time-consuming and expensive for all Parties, and should Plaintiffs have ultimately prevailed, the additional time prior to Plaintiffs receiving relief, if any, could have been substantial.

As such, the current Settlement before the Court is the result of a *bona fide* and contested dispute where serious questions of law and fact exist that place the ultimate outcome of the litigation in doubt. Without the Parties' willingness to engage in settlement discussions, this case would have not been resolved.

### ii.    The Terms of the Settlement are Fair and Reasonable.

"There is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, Case No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) (citing *Camp v. Progressive Corp.*, Case Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004)). In addition, the fact "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

Here, the Agreement was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Counsel for all Parties have considerable experience in prosecuting, defending, and settling federal and state wage-and-hour claims, and in this case were particularly well informed as to the facts and circumstances of the Lawsuit after extensive formal and informal discovery on all issues over the life of this litigation. *See Cotton v. Hinton*, 559 F. 2d 1326, 1330 (5th Cir. 1977) (holding that the court is "entitled to rely upon the judgment of experienced counsel for the parties" in assessing a settlement and "absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel"); *Shaw v. CAS, Inc.*, No. 5:17-cv-142, 2018 WL 3621050, at *3 (S.D. Tex. Jan. 31, 2018) (preliminarily approving settlement where counsel believed settlement was reasonable and adequate based on "comprehensive knowledge of the facts and legal issues"); *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) ("The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a . . . settlement.") (internal citations omitted); *see also Austin v. Pa. Dep't of Corrs.*, 876 F.Supp. 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659, 667 (D. Minn. 1974) ("The recommendation of experienced

antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446, 452 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

The Parties have been litigating this case since 2019.  The Parties conducted discovery, disputed damages, and liability which informed the Parties' respective positions on all issues in this case. And after the Parties reached an agreement in principle, the Parties engaged in further negotiations concerning the specific terms of the settlement and the scope of the Agreement. Indeed, it cannot be gainsaid that the settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard-fought negotiations.

### 4.  THE ATTORNEYS' FEES AND COSTS ARE REASONABLE.

Class Counsel's attorneys' fees under the Settlement Agreement is reasonable, fair and an important provision of the Parties' agreement. Ex. 2 at ¶ 20. The FLSA provides "[t]he court … **shall**, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added); Class Counsel's request for a 40% contingency fee is also fair and reasonable and Wood Group does not oppose such an award. The Fifth Circuit recognizes that a contingency fee is desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012). Within the Fifth Circuit, customary contingency fees for class funds have ranged from 33.33% to 50%. *See In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771, at *1 (W.D. La. Oct. 31, 2006). In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) (awarding a 40% contingency fee award in an FLSA matter); *Wolfe v. Anchor Drilling Fluids USA, Inc.*, Case No. 4:15-cv-1344 (S.D. Tex. Dec. 7, 2015) (Hoyt, J.) (40% fee); *Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *Heffernan Bryant v. United Furniture Indus., Inc.*, No. 1:13CV246-SA-DAS, 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017) (same); courts routinely approve settlements that includes an

agreed upon fee equal to 40% of the common fund (in very similar litigation); s*ee also Nigh, et al. v. Energy Professionals Group, LLC, et al.*, No. 4:18-cv-01103, Doc. 89 (S.D. Tex. Mar. 11, 2020); *Whitaker v. BHP Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving settlement agreement and 40% attorneys' fees in a case involving drilling consultants paid a day-rate); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (approving 40% fee in settlement for workers allegedly misclassified as independent contractors); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (approving 40% fee in FLSA settlement); *Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Sarabia v. Spitzer Industries, Inc.*, No. 4:17-cv-02092, at ECF No. 32 (S.D. Tex. May 24, 2018) (same); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%).

Supreme Court precedent not only permits but endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."); *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The parties reached the agreed upon fee after reaching a settlement that dwarfs the average overtime settlement, ensures class members who decide to accept it will be paid promptly, and does not require those who wish to retain their claims to do anything. To the extent approval is necessary, it should be given here.

Further, this is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he

Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate's modification to consent judgment because courts lack authority to modify a settlement agreement). Courts have found that "any process of judicial review and approval of stipulated attorneys' fees in the event of a settlement of civil rights litigation is more deferential than resolving attorneys' fees in a disputed case." *See, e.g., Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018) (reversing district court's reduction of attorney fees from the agreed-upon settlement amount in an FLSA action).

The Parties have been pursuing this matter since August of 2019. Discovery and briefing occurred on multiple issues in this case. Plaintiffs' Counsel has spent considerable time prosecuting this matter. All Parties, including the Plaintiffs, believes a fee of 40% is reasonable and necessary in this case (in addition to Class Counsel's request for reimbursement for reasonable and necessary expenses associated with prosecuting this matter as set forth in the Agreement).

## 5. CONCLUSION.

The Parties believe that the terms and conditions of the Agreement are fair, reasonable, adequate, and in the best interests of all Parties. As noted above, this proposed Agreement was reached following the exchange of information and data obtained from Wood Group and after extensive negotiations. Because of the various defenses asserted by Wood Group and the possibility that Wood Group may have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a *bona fide* dispute. Moreover, given the strong likelihood that absent a settlement this case would have proceeded to lengthy and drawn-out litigation, a compromise

of the claims prevents all Parties from incurring the additional costs and delay associated with trial and possible appeal.

The Parties hereby request that the Court: (1) approve this settlement, including all of the terms set forth in the Agreement; (2) direct the Parties to implement the settlement process as set forth in the Agreement; and (3) dismiss the claims of Plaintiffs with prejudice.

**Dated: May 16, 2022.**

Respectfully submitted

/s/ Carl Fitz
Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24105863
Carl Fitz
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 252-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
BRUCKNER BURCH, PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
Email: rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ Bryan Edward Bowdler
S. Mark Klyza (#02028)
Bryan Edward Bowdler (#32097)
Benjamin P. Kahn (#36524)
**THE KULLMAN FIRM, PLC**
1600 Poydras Street, Suite 1600
New Orleans, Louisiana
504-524-4162 – Telephone
504-596-4114 – Facsimile
smk@kullmanlaw.com
beb@kullmanlaw.com
bpk@kullmanlaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that, prior to filing the instant Motion, Counsel for Plaintiffs conferred with Counsel for Defendant.

/s/ Carl A. Fitz
Carl A. Fitz

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Carl A. Fitz
Carl A. Fitz